# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND A. MILLER, | ) | Case No. 1:20-cv-2135 |
| | ) | |
| Petitioner, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN, MICHAEL L. PHILLIPS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Raymond A. Miller, Petitioner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Miller, an Ohio prisoner, is currently serving a twenty-year prison term for engaging in a pattern of corrupt activity, attempted burglary, aggravated theft, and burglary under Ohio law. He asserted three grounds for relief. After filing his petition, Miller moved for leave to supplement his petition with a fourth ground. (ECF No. 5, PageID #: 41). Respondent Michael L. Phillips, Warden, filed a return of writ on March 24, 2021, arguing that ground four was not cognizable. (ECF No. 14, PageID #: 101-02). This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Miller's petition and other case-dispositive motions. The Court will address only Miller's motion to supplement his petition at this time. Because Miller's proposed fourth ground for relief is not cognizable, I recommend that the Court deny his motion to supplement his petition.

## II.  Standard for Evaluating Motions to Amend

28 U.S.C. § 2242 provides that a petition for writ of habeas corpus may be amended or supplemented in accordance with Rule 15 of the Federal Rules of Civil Procedure. *Anderson v. United States*, 39 F. App'x 132, 136 (6th Cir. 2002). Rule 15(a)(2) provides that "a party may

1

amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. The Sixth Circuit has stated that courts should consider the following factors in determining whether leave to amend should be given: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (*quoting Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994)); *see also Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) (stating that "an amendment may not be allowed if the complaint as amended could not withstand a Fed. R. Civ. P. 12(b)(6) motion").

### III. Analysis

In his motion to supplement, Miller proposes the following additional ground for relief:

> **Ground Four:** Geauga County Common Pleas Court violated Miller's Fifth and Fourteenth Amendment, United States Constitution, Section 16, Article One, Ohio constitutional right [to] due process at law when the trial court dismissed Miller's petition for post-conviction relief without an evidential [*sic*] hearing.

(ECF No. 5, PageID #: 42). The Warden argues that Miller's proposed fourth ground should be dismissed because arguing that "procedural deficiencies in the post-conviction proceedings deprive [a petitioner] … of due process" is not cognizable under Sixth Circuit case law. (ECF No. 14, PageID #: 101-02 (citing among others *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986))). The Court agrees.

Miller's proposed fourth ground attacks the state court's handling of his post-conviction relief—a collateral matter—rather than the underlying state conviction giving rise to his conviction. "It is clear, not only from the language of … § 2254(a), but also from the common-

law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). States have no federal constitutional obligation to provide post-conviction remedies (*e.g. Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)), and the Sixth Circuit has thus held that "habeas corpus cannot be used to challenge errors or deficiencies in state postconviction proceedings." *Davis v. Burt*, 100 F. App'x 340, 351 (6th Cir. 2004); *see also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007) (stating that "the writ is not the proper means" to challenge "collateral matters," which differ from "the underlying state conviction giving rise to the prisoner's incarceration") (internal citations omitted). The Sixth Circuit recently reaffirmed this holding in *Leonard*:

> [H]abeas corpus [petitions] cannot be used to mount challenges to a state's scheme of post-conviction relief … [The petitioner] has not pointed to any decision by an *en banc* court or any Supreme Court decision to undermine the logic of *Kirby* that attacks on post-conviction proceedings 'address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration.'

846 F.3d at 854-55; *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (stating that a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration … states no cognizable federal habeas claim").

Accordingly, Miller's ground four, which claims that the state court dismissed his post-conviction petition without an evidentiary hearing, is not cognizable. If the amendment were permitted, the Court would only be required to dismiss the ground on that basis. Consequently, the Court finds that granting Miller's motion to amend his petition to add his proposed ground for relief would be futile. *Coe*, 161 F.3d at 341.

**IV.     Recommendation**

Because Miller's proposed fourth ground for relief is not cognizable, I recommend that the Court deny his motion to amend his petition.


DATED: June 16, 2021

*Carmen Henderson*
_____
Carmen E. Henderson
United States Magistrate Judge

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).