# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Raymond Miller, | Case No. 1:20cv2135 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge Carmen Henderson |
| Warden Michael Phillips, | |
| Respondent | MEMORANDUM OPINION AND ORDER |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Carmen Henderson (Doc. No. 18), which recommends denying Petitioner Raymond Miller's Motion to Supplement his Petition with a Fourth Ground for Relief. Petitioner has filed Objections to the R&R. (Doc. No. 19.) For the following reasons, Petitioner's Objections are OVERRULED, the Magistrate Judge's Report & Recommendation is ADOPTED as set forth herein, and Ground Four of the Petition is DISMISSED.

## I. Relevant Background

### A. State Court Proceedings

On March 2, 2017, the Geauga County grand jury issued a 17-count indictment charging Petitioner Raymond Miller with (1) engaging in a pattern of corrupt activity, in violation of Ohio Rev. Code § 2923.32(A)(1); (2) seven counts of burglary, in violation of Ohio Rev. Code § 2911.12(A)(2); (3) four counts of theft, in violation of Ohio Rev. Code § 2913.02(A)(1); (4) breaking and entering, in violation of Ohio Rev. Code § 2911.13(A); (5) attempted burglary, in violation of Ohio Rev. Code §§ 2923.02(A), 2911.12(A)(2); (6) two counts of grand theft, in violation of Ohio

Rev. Code § 2913.02(A)(1)(B)(4) and (7) grand theft, in violation of Ohio Rev. Code § 2913.02(A)(1). (Doc. No. 14-1 Exh. 1.).

On July 12, 2017, Miller entered into a plea agreement with the State, in which he pled guilty to five offenses including an amended charge of engaging in a pattern of corrupt activity, attempted burglary, an amended charge of aggravated theft, and two counts of burglary. (Doc. No. 14-1, Exh. 3.) The State agreed to dismiss the twelve remaining counts. (*Id*.) The state trial court held a hearing during which it accepted Miller's plea, deferred sentencing, and ordered a presentence investigation and report. (Doc. No. 14-1, Exh. 4.)

A sentencing hearing was thereafter held on September 15, 2017. (Doc. No. 14-1, Exh. 7; Doc. No. 14-3.) At that time, defense counsel requested a total sentence of eight to ten years in prison, while the prosecution recommended twenty years. (Doc. No. 14-3 at Tr. 9, 14.) The trial court imposed an aggregate prison term of twenty years. (*Id*. at Tr. 20.) The trial court entered its judgment of conviction and sentence on September 25, 2017. (Doc. No. 14-1, Exh. 7.)

Meanwhile, on September 19, 2017, Miller filed a *pro se* motion to withdraw his guilty plea, alleging ineffective assistance of counsel. (Doc. No. 14-1, Exh. 8.) The trial court denied the motion on October 3, 2017. (Doc. No. 14-1, Exh. 10.)

Miller then filed a notice of appeal from both the September 25, 2017 judgment of conviction and the October 3, 2017 entry denying his motion to withdraw guilty plea. (Doc. No. 14-1, Exh. 13.) In his appellate brief, Miller asserted (among other things) that his counsel was ineffective because he informed Miller that his wife (who was a co-defendant) would either testify against him at trial or be charged with contempt of court if she refused to testify against him, which resulted in Miller feeling "threatened" and "obligated" to plead guilty. *See State v. Miller*, 2018 WL 5445118 at * 3

(Ohio App. 11th Dist. Oct. 29, 2018). With respect to this claim, the state appellate court determined that "[a]n allegation that appellant's guilty plea was not voluntary because defense counsel allegedly 'threatened' him to plead guilty during a private conversation must be raised in a petition for post-conviction relief." *Id*. The state appellate court rejected Miller's remaining claims on direct appeal. *Id*. at * 3- 5.

On November 8, 2018, Miller filed a *pro se* post-conviction petition in the state trial court. (Doc. No. 14-1, Exh. 35.) Therein, he asserted that he "was denied his Constitutional Rights to Effective Assistance of Counsel when defense counsel coerced Mr. Miller into entering a guilty plea with the continuous threats of Miller's wife/co-defendant testifying against Miller." (*Id*.) The state trial court denied the petition without a hearing on the basis that (1) it lacked jurisdiction because Miller had subsequently filed a notice of appeal of the state appellate court's decision to the Ohio Supreme Court;[1] and (2) Miller's arguments were barred by *res judicata*. *See State v. Miller*, 2019 WL 3287984 at * 2 (Ohio App. 11th Dist. July 22, 2019).

On July 22, 2019, the state appellate court reversed in part and remanded "for the trial court to consider whether appellant's postconviction petition sets forth substantive grounds for relief that would warrant a hearing, consistent with R.C. 2953.21(D) and (F)." *Id*. at * 4.

On remand, the state trial court again dismissed Miller's petition without a hearing on September 3, 2019. (Doc. No. 14-1, Exh. 48.) Specifically, the trial court held that Miller's petition did not set forth substantive grounds for relief that would warrant a hearing based on the following findings of fact and conclusions of law:

---

[1] The record reflects that the Supreme Court of Ohio subsequently declined to accept jurisdiction over Miller's appeal on February 6, 2019. (Doc. No. 14-1, Exh. 27.)

3

1. Defendant alleges that his defense counsel coerced him into entering a guilty plea with threats of Defendant's wife/co-defendant testifying against Defendant.

2. On Page 6 of Defendant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence, Defendant states "Miller knew of the spousal privilege protecting his wife from being forced to testify against him."

3. While Defendant's case was pending, prior to Defendant's plea, this Court granted Defendant the opportunity to communicate with his wife by mail, and permitted Defendant and his wife to have an "in person" conversation at the courthouse following a pretrial. On Page 5 of Defendant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence, Defendant states that during these visits and through the correspondence, it was made clear that Mrs. Miller was not testifying against her husband.

4. According to Defendant's affidavit, prior to Defendant's plea, Defendant's attorney apologized to Defendant "...for saying my wife is testifying. He stated he was wrong. She is in fact not testifying."

5. In the courtroom, during the change of plea hearing, before the Court accepted Defendant's change of plea, the Court and Defendant engaged in the following colloquy:

> The Court: Thank you. All right. I may have lost track of where I left off. But has your attorney answered all of your questions?
>
> Mr. Miller: Yes, ma'am
>
> The Court: And are you satisfied that you have been well represented?
>
> Mr. Miller: Yes, Ma'am
>
> \* \* \*
>
> The Court: Besides what's contained in this agreement, has anyone made any threats, promises or other inducements to you in order to get you to enter into this agreement?
>
> Mr. Miller: No, ma'am.
>
> \* \* \*
>
> The Court: Okay. Do you have any questions, or do you need more time to talk to your attorney at this point?

> Mr. Miller: No, ma'am.

Plea T. pp. 6-7.

6. Any error committed by Defendant's attorney in stating that Defendant's wife was going to testify against Defendant at trial was corrected when Defendant's attorney apologized and stated that she was not testifying. This was corrected, by Defendant's own account, prior to the change of plea hearing.

7. There was no coercion at the time Defendant changed his plea.

8. Defendant's counsel's mistake in informing Defendant that his wife was going to testify against him, then apologizing to Defendant and telling him that she was not going to testify prior to Defendant's change of plea hearing, does not fall below an objective standard of reasonableness as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

9. Further, Defendant readily admits that his wife told him both in person and in writing that she was not going to testify against him, and his attorney corrected his error and confirmed that Defendant's wife was not going to testify against him prior to Defendant changing his plea. Given that Defendant voluntarily changed his plea after knowing from all sources that his wife was not going to testify against him, there is no evidence that, but for counsel's error "... the result of the proceeding would have been different." *Strickland* at 694.

10. Defendant was not coerced into entering a guilty plea based on the threat that his wife would testify against him.

11. Defendant's post-conviction petition does not set forth substantive grounds for relief that would warrant a hearing, consistent with R.C. 2953.21(D) and (F).

12. Defendant's petition for post-trial relief is dismissed.

(*Id.*)

On September 13, 2019, Miller appealed the trial court's decision to the state appellate court. (Doc. No. 14-1, Exh. 49.) In his appellate brief, he asserted the following sole ground for relief: "The trial court abused its discretion in dismissing appellant's postconviction relief petition pursuant to

R.C. § 2953.21 without a hearing where there were sufficient operative facts alleged that would warrant a hearing." (Doc. No. 14-1, Exh. 50.)

On March 9, 2020, the state appellate court affirmed, finding as follows:

{¶9} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus. "For purposes of determining whether there are substantive grounds for postconviction relief that would warrant a hearing, it is generally accepted that affidavits presented in support of the petition should be accepted as true." *State v. Pierce*, 127 Ohio App.3d 578, 586 (11th Dist.1998). The "statute does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *Jackson, supra*, at 110.

{¶10} Upon review, we cannot conclude the trial court abused its discretion by not holding a hearing on Miller's petition. Even accepting the affidavits as true, the evidentiary documents submitted by Miller do not contain sufficient operative facts to demonstrate ineffective assistance of counsel under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, Miller has not alleged sufficient operative facts to demonstrate that he would not have pled guilty but for defense counsel's initial incorrect statement and subsequent correction/apology—all of which occurred prior to Miller's plea of guilty and all of which was independently known to Miller as a result of conversations with his wife.

*State v. Miller*, 2020 WL 1139030 at * 3 (Ohio App. 11th Dist. March 9, 2020).

Miller subsequently appealed the state appellate court decision to the Supreme Court of Ohio, which declined to accept jurisdiction on May 26, 2020. (Doc. No. 14-1, Exhs. 54, 57.)

### B. Federal Habeas Proceedings

On September 17, 2020,[2] Miller filed a *pro se* Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

---

[2] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until September 22, 2020, Miller states that he placed it in the prison mailing system on September 17, 2020. (Doc. No. 1 at 18.) Thus, the Court will consider the Petition as filed on September 17, 2020.

6

I. Allegation contained in the petition's motion and affidavit are true, he is entitled to have his sentence vacated. A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void, this in violation of Mr. Miller's Fifth and Fourteenth Amendments, United States Constitution, Section 16, Article One, Ohio Constitutional rights at due process at law and his Sixth Amendments, United States Constitution, Section 10, Article One, Ohio Constitutional right to effective assistance of counsel.

II. The Geauga County Common Pleas Court failed to advise Mr. Miller of all the maximum penalties during the Crim. R. 11 phase of his plea hearing, not allowing Mr. Miller to enter into a knowingly, voluntarily, and intelligently plea of guilty. This violated Mr. Miller's Fifth and Fourteenth Amendments, United States Constitution, Section 16, Article One, Ohio constitutional right at due process of law.

III. Miller's Sixth Amendment, United States Constitution, Section 16, Article One, Ohio Constitutional rights to effective assistance of counsel has been violated when his trial counsel's performance fell way below standard, and for failing to challenge the State's case.

(Doc. No. 1) (spelling and punctuation as in original).

On November 5, 2020, Miller filed a Motion for Leave to Supplement Petition, in which he sought leave to add the following ground for relief and supporting facts:

**GROUND 4**: Geauga County Common Pleas Court violated Miller's Fifth and Fourteenth Amendment, United States Constitution, Section 16, Article One, Ohio constitutional right at due process at law when the trial court dismissed Miller's petition for post-conviction relief without an evidential [sic] hearing.

**Supporting Facts**: I filed a petition for post-conviction relief with the trial court on November 8, 2018, the trial court denied my petition on January 10, 2019. I appealed the trial courts denial to the Eleventh Appellate District Court of Appeals under case number 19-G-0189. The Eleventh Appellate District Court of Appeals remanded back to the trial court in part, to review issues that De hors the record, of trial counsel's constant threats that my wife and co-defendant was testifying against me, Every time I brought talks of going to trial, Trial counsel would evade trial talk by threatening me with my wife testifying against me, Then he promised me 8 to 10 years in prison if I entered a plea of guilty. My trial counsel coerced me into pleading guilty, I showed substantial grounds by submitting vailed [sic] documents to support my claim. The trial court dismissed my petition for post-conviction relief without an evidential hearing, stating I had person knowledge that my wife was not testifying, Trial counsel

7

> corrected his errors by apologizing for his wrong doing and I had person knowledge of spousal privilege law.

(Doc. No. 5.)

On March 24, 2021, Respondent filed a Return of Writ, in which he argued that Miller's proposed Ground Four was not cognizable. (Doc. No. 14 at p. 37-38.) Miller filed a Reply on June 3, 2021. (Doc. No. 17.) Therein, he asserted that Ground Four presented a cognizable claim because the state trial court's failure to hold a hearing on his post-conviction petition "created a fundamental unfairness" that violated his Due Process rights under the Fourteenth Amendment. (*Id.* at p. 7, 48-50.)

On June 16, 2021, the Magistrate Judge issued a Report & Recommendation relating solely to Miller's Motion for Leave to Supplement the Petition to assert proposed Ground Four. (Doc. No. 18.) Therein, the Magistrate Judge finds that proposed Ground Four is not cognizable on habeas review because it "attacks the state court's handling of his post-conviction relief—a collateral matter—rather than the underlying state conviction giving rise to his conviction." (*Id*. at p. 2.) The Magistrate Judge, therefore, recommends that Miller's Motion for Leave to Supplement the Petition be denied because "[i]f the amendment were permitted, the Court would only be required to dismiss the ground" on the basis that it is not cognizable. (*Id*. at p. 3.)

Miller filed a *pro se* Objection on July 1, 2021. (Doc. No. 19.)

## II. Standard of Review

Parties must file any objections to a report & recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006) (citing *Walters*, 638 F.2d at 949–50).

### III. Analysis

In his Objection, Miller argues that his proposed Ground Four is cognizable because his due process rights were violated when the state trial court denied his post-conviction petition without a hearing. (Doc. No. 19 at p. 2.) He asks "why is a State Post Conviction relief a part of exhausting all of Ohio's remedies before a prisoner can even present a 28 U.S.C. 2254 [petition] to federal court? Just to be told it is not proper for Federal review?" (*Id.* at p. 3.) Miller further argues, at length, that his trial counsel was ineffective because he failed to challenge the State's case and "did everything he could to get me to plead guilty," including threatening Miller and his wife. (*Id.* at p. 4.) Miller asserts that "I am now at the end of any chance of getting justice and this court is going to dismiss, deny me for not knowing procedures, not knowing federal rules and laws, for not being an educated lawyer, or for having a long criminal history so I must be lying." (*Id*. at pp. 4-5.) Miller asks the Court to read his arguments carefully and look at his case thoroughly because "it is very clear that I was screwed over badly by my trial counsel." (*Id*. at p. 5.)

9

At the outset, the Court notes that Miller appears to believe that the Magistrate Judge's recommended denial of Ground Four would conclusively resolve his claims of ineffective assistance of trial counsel. That is not the case. Rather, the Magistrate Judge's June 16, 2021 R&R relates only to Miller's proposed claim that the state trial court violated his due process rights when it denied his post-conviction without first conducting a hearing. Miller's ineffective assistance of trial counsel claims are set forth in his first and third grounds for relief, which the Magistrate Judge will fully consider and address when she issues a R&R on the Petition as a whole.

With regard to Miller's fourth ground for relief, the Court agrees with the Magistrate Judge that this claim is not cognizable in habeas review. As discussed above, in this Ground, Miller argues that his due process rights were violated when the state trial court failed to conduct a hearing before denying his post-conviction petition. However, it is well-settled in the Sixth Circuit that errors in post-conviction proceedings, such as the failure to grant evidentiary hearings, are outside the scope of federal habeas review. *See, e.g.*, *Cornwell v. Bradshaw*, 559 F.3d 398, 411 (6th Cir. 2009) (petitioner's claim that the state court improperly denied him an evidentiary hearing not cognizable in habeas corpus proceedings); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986). As explained in *Cress v Palmer, supra*:

> We have clearly held that claims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby*, 794 F.2d at 246 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S. Ct. 1990, 95 L.Ed.2d 539 (1987) ("States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." (citation omitted)). A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because

> we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F.2d at 247. "Though the ultimate goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] ... is not in any way related to the confinement." *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id*. at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir.2002) ("error committed during state post-conviction proceedings can not [sic ] provide a basis for federal habeas relief" (citing *Kirby*, 794 F.2d at 247)); *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir.2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Cress*, 484 F.3d at 853. Relying on the above authority, district courts routinely deny as non-cognizable habeas claims that challenge a state court's denial of a hearing on post-conviction review. *See*, *e.g., Alzubaidy v. Stewart,* 2020 WL 3893034 at * 12 (E.D. Mich. July 10, 2020) ("The denial of an evidentiary hearing by a state court on post-conviction review does not state a claim upon which habeas relief can be granted."); *Lindsey v. Warden, Chillicothe Correctional Inst*., 2020 WL 7769816 at * 28 (S.D. Ohio Dec. 30, 2020) (same); *Harris v. Beckstrom*, 2013 WL 4039802 at * 17 (E.D. Ky. Aug. 7, 2013) (same).

Based on the above, the Court agrees with the Magistrate Judge that Miller's proposed Ground Four is non-cognizable because it asserts a due process claim based solely on the state trial court's failure to conduct a hearing on his post-conviction petition. Accordingly, the Court finds that Ground Four fails to state a cognizable claim for habeas relief and is, therefore, subject to dismissal.[3]

---

[3] Here, Miller moved to amend his Petition to assert this Ground. It is well established that Federal Rule of Civil Procedure 15 applies to a habeas petitioner's request for leave to amend his petition. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Under that Rule, a party may amend his or her pleadings once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, the party may amend only with the opposing party's written consent or by leave of court, which "shall be freely given when justice so requires." *Id. See also Mayle*, 545 U.S. at 655. In this case, Miller filed his Petition on September 17, 2020 and his Motion for Leave to Supplement on November 5, 2020. Respondent subsequently filed his Return of Writ on March 24, 2021. Because Miller's Motion for Leave was

## IV. Conclusion

For the foregoing reasons, Petitioner's Objections (Doc. No. 19) are OVERRULED, the Magistrate Judge's Report & Recommendation (Doc. No. 18) is ADOPTED as set forth herein, and Ground Four of the Petition is DISMISSED.

**IT IS SO ORDERED.**

Date: July 14, 2021

     s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

filed prior to the filing of the Return of Writ, he was not, in fact, required under Rule15(a) to seek leave of Court before amending his Petition. *See Baskerville v. Sheldon*, 2019 WL 1128542 at * 9 (N.D Ohio March 12, 2019) ("As both of Baskerville's Motions to Amend were filed prior to the Return, Rule 15(a) provides that he may amend his Petition without requiring leave of Court"); *O'Neal v. Warden, Ross Correctional Inst.*, 2011 WL 7025808 at * 1 (S.D. Ohio Dec. 15, 2011) ("Because O'Neal filed his motion to amend within 21 days after service of the responsive pleading, O'Neal may amend his [petition] without requiring leave of Court.") As Miller's Ground Four is clearly non-cognizable, however, the Court finds that it would not serve the interests of judicial economy to remand this matter back to the Magistrate Judge for consideration of the merits of Ground Four. Thus, the Court construes the Magistrate Judge's R&R as recommending dismissal of this Ground and hereby accepts that recommendation for the reasons set forth above.