**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND A. MILLER, | ) | CASE NO. 1:20-CV-02135-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN MICHAEL L. PHILLIPS, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

## I.    Introduction

Raymond A. Miller ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is an Ohio prisoner who is currently serving an aggregate prison term of twenty years for engaging in a pattern of corrupt activity, attempted burglary, burglary, and aggravated theft. (ECF No. 1, PageID #: 1; ECF No. 14, PageID #: 67). He now asserts three grounds for relief. (*See generally* ECF No. 1).[1] Warden Michael L. Phillips ("Respondent") filed a return of writ on March 24, 2021. (ECF No. 14). Petitioner filed a "reply" on June 3, 2021. (ECF No. 17).

This matter was referred to the Court under Local Rule 72.2 to prepare a report and recommendation on Petitioner's petition and other case-dispositive motions. Because Petitioner has presented only procedurally defaulted claims, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II.    Relevant Factual Background

---

[1] As discussed below, Petitioner attempted to bring a fourth habeas ground, but the Court rejected the argument and dismissed the claim. (ECF No. 20).

The Ohio Court of Appeals for the Eleventh Appellate District set forth the following facts[2]

on direct appeal:

> {¶ 2} On January 4, 2017, a complaint was issued in the Chardon Municipal Court alleging appellant had burglarized a residence in Auburn Township, in violation of R.C. 2911.12.  Appellant was subsequently bound over to the Geauga County Court of Common Pleas and indicted by the grand jury on 17 counts, including seven counts of burglary, four counts of theft, three counts of grand theft, and one count each of attempted burglary, breaking and entering, and engaging in a pattern of corrupt activity.

> {¶ 3} Appellant entered into a plea agreement with appellee, the state of Ohio. Appellant agreed to plead guilty to amended Count 1, Engaging in a Pattern of Corrupt Activity, a second-degree felony in violation of R.C. 2923.32(A)(1); Count 5, Attempted Burglary, a third-degree felony in violation of R.C. 2923.02(A) & R.C. 2911.12(A)(2); amended Count 9, Aggravated Theft, a third-degree felony in violation of R.C. 2913.02(A)(1); Count 10, Burglary, a second-degree felony in violation of R.C. 2911.12(A)(2); and Count 13, Burglary, a second-degree felony in violation of R.C. 2911.12(A)(2). Appellant also agreed to be responsible for restitution in an amount to be determined at a later date. The state agreed to move to dismiss all remaining counts at the time of sentencing.

> {¶ 4} Appellant orally pled guilty to these five counts in open court on July 12, 2017.  The prosecution stated the evidence would have shown, had the matter proceeded to trial, that appellant entered a number of private residences in Geauga County, without permission, in order to steal property, the value of which was exorbitant, from the owners of those residences. A stipulation was entered that Count 5 was a low-tier felony. The trial court also advised appellant that he would be required to serve a period of three years on postrelease control for the second-degree felonies or that it could be a period up to three years for the third-degree felonies. The trial court accepted appellant's plea, after addressing him personally, and found appellant guilty of the crimes to which he pled.

---

[2] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

{¶ 5} An order on the plea was issued on July 19, 2017, in which the trial court also granted the state leave to dismiss the remaining twelve counts of the indictment.1 The trial court deferred sentencing and ordered a presentence investigation and report.

{¶ 6} A sentencing hearing was held on September 15, 2017, at which appellant made an allocution and expressed his remorse. Defense counsel requested a total sentence of eight to ten years in prison; the prosecution recommended twenty years.

{¶ 7} Appellant received an aggregate prison term of twenty years. Appellant was sentenced to six years on amended Count 1, two years on Count 5, two years on amended Count 9, six years on Count 10, and six years on Count 13. The sentences for Counts 1, 10, and 13 were ordered to be served consecutive to each other; the sentences for Counts 5 and 9 were ordered to be served concurrent to each other and consecutive to Counts 1, 10, and 13. The remaining counts of the indictment were dismissed. Appellant was credited with 256 days for time served in jail.

{¶ 8} The trial court advised appellant of postrelease control. Initially, the trial court incorrectly indicated appellant would be subject to a five-year term. After the prosecution questioned the accuracy of this advisement, the trial court correctly advised that appellant would be subject to a mandatory three-year period of postrelease control.

{¶ 9} Appellant filed a pro se motion to withdraw his guilty plea on September 19, 2017, alleging ineffective assistance of counsel.

{¶ 10} The trial court entered its judgment of conviction on September 25, 2017, and denied appellant's motion to withdraw his guilty plea on October 3, 2017.

*State v. Miller*, No. 2017-G-0136, 2018 WL 5445118, *1–2 (Ohio Ct. App. Oct. 29, 2018).

### III.    Relevant State Procedural History

#### a.    Indictment, Guilty Plea, and Sentencing

Petitioner was indicted on March 2, 2017 for the following counts:

COUNT I: Engaging in a Pattern of Corrupt Activity, a felony in the first degree, in violation of O.R.C. § 2923.32(A)(1)

COUNT II: Burglary, a felony in the second degree, in violation of O.R.C. § 2911.12(A)(2)

COUNT III: Theft, a felony in the fifth degree, in violation of O.R.C. § 2913.02(A)(1)

COUNT IV: Breaking and Entering, a felony in the fifth degree, in violation of O.R.C. § 2911.13(A)

COUNT V: Attempted Burglary, a felony in the third degree, in violation of O.R.C. § 2923.02(A)

COUNT VI: Burglary, a felony in the second degree, in violation of O.R.C. § 2911.12(A)(2)

COUNT VII: Theft, a felony in the fifth degree, in violation of O.R.C. § 2913.02(A)(1)

COUNT VIII: Burglary, a felony in the second degree, in violation of O.R.C. § 2911.12(A)(2)

COUNT IX: Grand Theft, a felony in the third degree, in violation of the O.R.C. § 2913.02(A)(1), (B)(4)

COUNT X: Burglary, a felony in the second degree, in violation of O.R.C. § 2911.12(A)(2)

COUNT XI: Burglary, a felony in the second degree, in violation of O.R.C. § 2911.12(A)(2)

COUNT XII: Grand Theft, a felony in the fourth degree, in violation of O.R.C. § 2913.02(A)(1)

COUNT XIII: Burglary, a felony in the second degree, in violation of O.R.C. § 2911.12(A)(2)

COUNT XIV: Theft, a felony in the fifth degree, in violation of O.R.C. § 2913.02(A)(1)

COUNT XV: Burglary, a felony in the second degree, in violation of O.R.C. § 2911.12(A)(2)

(ECF No. 14-1, PageID #: 110–13). At his initial appearance and arraignment, Petitioner pleaded not guilty. (ECF No. 14-1, PageID #: 116).

Petitioner pleaded guilty to Counts One, Five, Nine, Ten, and Thirteen[3] on July 12, 2017. (ECF No. 14-1, PageID #: 118). As a part of the plea agreement, the State agreed to move to dismiss the remaining counts from the indictment at sentencing. (ECF No. 14-1, PageID #: 118).

The trial court accepted Petitioner's guilty plea on the above counts and sentenced him to the following: six years for Count One, twenty-four months for Count Five, twenty-four months for Count Nine, six years for Count Ten, and six years for Count Thirteen. (ECF No. 14-1, PageID #: 137–38). The court ordered Petitioner to serve Counts One, Ten, and Thirteen consecutively and Counts Five and Nine to be served concurrently to each other but consecutively with the other counts. (ECF No. 14-1, PageID #: 138). Petitioner's aggregate prison term was twenty years. (ECF No. 14-1, PageID #: 138).

### b.  Direct Appeal

Petitioner filed a notice of appeal on October 12, 2017 and an appellate brief on May 2, 2018[4] with the Eleventh District of the Ohio Court of Appeals (ECF No. 14-1, Exs. 13 (notice), 17 (brief)). In his appeal, he raised three assignments of error (sic):

> 1. Mr. Miller was Denied his Right under the Ohio and Federal Constitutions to Counsel when his Counsel's Performance Failed to Meaningfully Oppose the Government

> 2. The Lower Court Failed to Include Mandatory Language Relating to Mr. Miller's PRC at Sentencing Whereby Voiding the Sentence

---

[3] The Court notes that Counts One and Nine were amended after the initial indictment. Count One changed to Engaging in a Pattern of Corrupt Activity, a felony in the second degree, in violation of O.R.C. § 2923.32(A)(1). (ECF No. 14-1, PageID #: 118). Count Nine was amended to Theft, a felony of the third degree, in violation of O.R.C. § 2913.02(A)(1). (ECF No. 14-1, PageID #: 118).

[4] The Court notes that Petitioner at least attempted to file an amended notice of appeal by filing a *motion for leave to file amended notice of appeal*, but the record is unclear whether the Eleventh District ruled on the motion. (*See* ECF No. 14-1, Ex. 14).

> 3. The Court Below Applied the Wrong Standard when it Reviewed
> Mr. Millers. Crim.R. 32.1 Motion under a Manifest Injustice
> Standard

(ECF No. 14-1, PageID #: 200, 207, 210). The State filed an opposition brief on May 18, 2018,

and Petitioner filed a reply on May 29, 2018. (ECF No. 14-1, Exs. 18, 19). On October 29, 2018,

the appellate court rejected Petitioner's assignments of error. (ECF No. 14-1, Ex. 23).

### c.  Appeal to the Supreme Court of Ohio

Petitioner filed a notice of appeal and memorandum in support of jurisdiction with the

Supreme Court of Ohio on November 26, 2018. (ECF No. 14-1, Exs. 24, 25). In his memorandum,

Petitioner raised the following propositions of law:

> 1. Miller was denied his right under [the] Ohio and Federal
> Constitution[s] when his counsel failed to fullfill (sic) his
> adversarial roll (sic) to the State's Prosecution of Miller
>
> 2. The trial court failed to advise Miller of mandatory and
> discretionary P.R.C. as well as the full consequences of violating
> P.R.C. during his plea colloquy and during his sentencing colloquy
>
> 3. The trial court abused its discretion when it applied the wrong
> standard when it denied Miller's Crim. R. 32.1 motion under
> manifest injustice

(ECF No. 14-1, PageID #: 268). The State filed a response brief on December 10, 2018. (ECF No.

14-1, Ex. 26). The Supreme Court of Ohio declined to accept jurisdiction on February 6, 2019.

(ECF No. 14-1, Ex. 27).

### d.  Application for Reopening

Petitioner then filed an application to reopen his direct appeal with the Eleventh District on

January 7, 2019. (ECF No. 14-1, Ex. 28). He raised the following assignments of error (sic):

> 1. Appellate counsel was ineffective for failing to assign as error,
> trial counsel's ineffectiveness for submitting an invalid written plea
> agreement to the court, thereby violating the Defendant-Appellant's

6

> due process and constitutional rights as guaranteed under both the Ohio and United States Constitution.
>
> 2. Appellate counsel was ineffective for failing to assign as error the Defendant's plea journal entry and nunc pro tunc plea jouranl (sic) entry being void due to omission R.C.§2943.032, the consequences of violating post release control.
>
> 3. Appellate counsel was ineffective for failure to assign as error, trial counsel's ineffectiveness for his failure to object upon the record the trial court's mis-statement of post release control during the plea colloquy.
>
> 4. Appelate (sic) counsel was ineffective for failure to assign as error, trial court's failure to address Defendant personally to determine if Defendant's guilty plea was knowingly, voluntarily and intelligently given.

(ECF No. 14-1, PageID #: 311, 314, 316, 317). The State filed a response brief on January 29, 2019. (ECF No. 14-1, Ex. 29). The appellate court denied Petitioner's application for reopening on February 14, 2019. (ECF No. 14-1, Ex. 30).

### e. Appeal to the Supreme Court of Ohio

Petitioner then filed a notice of appeal with the Supreme Court of Ohio on March 4, 2019, appealing the appellate court's opinion rejecting his application to reopen. (ECF No. 14-1, Ex. 31). He filed a memorandum in support of jurisdiction the same day. (ECF No. 14-1, Ex. 32). In the memorandum, Petitioner alleged the following four propositions of law:

> 1. Appellate counsel was ineffective for failing to assign as error, trial counsel's ineffectiveness for submitting an invalid written plea agreement to the court without appellant's signature, thereby violating the Defendant's due process rights and constitutional rights as guaranteed under both the Ohio and United States Constitution.
>
> 2. Appellate Counsel was ineffective for failing to assign as error the Defendant's plea journal entry and nunc protunc (sic) journal entry being void due to omission of consequences of violating post release control.

> 3. Appellate counsel was ineffective for failure to assign as error, trial counsel's ineffectiveness for failure to object upon the record the trial court's mis-statement of post release control during the plea colloquy.
>
> 4. Appellate counsel was ineffective for failure to assign as error, trial court's failure to address defendant personally to determine if defendant's guilty plea was knowingly, voluntarily and intelligently given.

(ECF No. 14-1, PageID #: 350, 353, 357, 359). The State opposed jurisdiction. (ECF No. 14-1, Ex. 33). The Supreme Court of Ohio declined to accept jurisdiction on April 17, 2019. (ECF No. 14-1, Ex. 34).

### f.  Post-Conviction Petition

While awaiting the fate of his application to reopen, Petitioner filed a petition for post-conviction relief with the Court of Common Pleas in Geauga County. (*See* ECF No. 14-1, Ex. 35). Petitioner made the following claims in his petition:

> 1. Mr. Miller's Conviction and Sentence are void and/or voidable. Mr. Miller was denied his Constitutional Rights to Effective Assistance of Counsel when defense counsel coerced Mr. Miller into entering a guilty plea with the continuous threats of Miller's wife/co-defendant testifying against Miller. This is a violation of Mr. Miller's Sixth Amendment, U.S. Constitution; Section 10, Articl (sic) 1, Ohio Constitution. Right to Effective Assistance of Counsel.
>
> 2. Mr. Miller was denied his Constitutional Rights to Effective Assistance of Counsel as defense counsel failed to investigate and/or challenge the states case. Sixth Amendment, U.S. Constitution; Section 10, Article 1, Ohio Constitution; Compulsory Process and his Fifth and Fourteenth Amendment, U.S. Constitution; Section 16, Article 1, Ohio Constitution; Due Process.

(ECF No. 14-1, PageID #: 383–84, 386). The State filed an opposition brief on November 29, 2018. (ECF No. 14-1, Ex. 37). The Court of Common Pleas denied the petition on January 10,

2019 as it did "not have jurisdiction to consider the issues raised by the Defendant." (ECF No. 14-1, Ex. 40).

Petitioner filed a notice of appeal January 22, 2019 with the Eleventh District Court of Appeals. (ECF No. 14-1, PageID #: 41). In his supporting brief, he alleged the following assignments of error:

> 1. The trial court abused its discretion in denying Mr. Miller's timely filed postconviction relief petition pursuant to R.C.§2953.21 the reasons that Mr. Miller raised these issues on direct appeal (principle of res judicata) this violated Mr. Miller's right under the Sixth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution.

> 2. The trial court abused its discretion in denying Mr. Miller's timely filed petition for postconviction relief pursuant to R.C. §2953.21 for the reasons that the trial court lacked jurisdiction to consider Mr. Miller's instant postconviction relief petition due to Mr. Miller's direct appeal was pending in the Supreme Court of Ohio.

(ECF No. 14-1, PageID #: 452, 454). The State filed an opposition brief on March 28, 2019. (ECF No. 14-1, Ex. 43).

The appellate court affirmed in part and reversed in part the trial court's decision. (ECF No. 14-1, PageID #: 494). It affirmed the trial court's decision not to consider Petitioner's second claim because the court has already reviewed and rejected the claim on the merits under direct appeal, and res judicata barred new review. (ECF No. 14-1, PageID #: 499). However, the appellate court reversed the lower court's decision relating to Petitioner's first claim about his trial counsel's alleged threats since the appellate court found on direct appeal that it could not address the issue. (ECF No. 14-1, PageID #: 499–500). The appellate court therefore remanded the case back to the trial court to reconsider the post-conviction petition. (ECF No. 14-1, PageID #: 500).

On remand, the trial court review Petitioner's first claim on the merits and dismissed it. (ECF No. 14-1, PageID #: 515–17). Petitioner then filed a notice of appeal and supporting brief. (ECF No. 14-1, Exs. 49, 50). In the brief, he brought one assignment of error (sic):

> 1. The trial court abused its discretion in dismissing appellant's post-conviction relief petition pursuant to R.C.§ 2953.21 without a hearing where there were sufficient operative facts alleged that would warrant a hearing.

(ECF No. 14-1, PageID #: 525). The State filed a response brief November 7, 2019. (ECF No. 14-1, Ex. 51).

The Court of Appeals affirmed the trial court's decision on March 9, 2020. (ECF No. 14-1, PageID #: 53). Petitioner accordingly filed a notice of appeal and memorandum in support of jurisdiction with the Supreme Court of Ohio on March 27, 2020. (ECF No. 14-1, Exs. 54, 55). In his brief, Petitioner alleged one proposition of law:

> 1. Miller was denied his right under the United States Constitution and Ohio Constitution of ineffective assistance of counsel and his right at due process at law when [the] trial court dismissed his petition for post-conviction relief based on personal issues and not on facts of law. The trial court also abused its discretion in dismissing Miller's petition without an evidentiary hearing.

(ECF No. 14-1, PageID #: 568). The State opposed jurisdiction. (ECF No. 14-1, Ex. 56). On May 26, 2020, the Supreme Court of Ohio declined to accept jurisdiction of the case. (ECF No. 14-1, Ex. 57).

### g.  State Habeas Corpus Petition

Petitioner then filed a writ of habeas corpus with the Supreme Court of Ohio. (ECF No. 14-1, Ex. 58). He asserted that his right to "Competent, Effective Assistance of Trial Counsel" had been violated. (ECF No. 14-1, PageID #: 601). The Supreme Court of Ohio dismissed the petition on August 18, 2020. (ECF No. 14-1, Ex. 59).

10

### h.  Federal Habeas Corpus Petition

Petitioner petitioned pro se that this Court issue a writ of habeas corpus on June 29, 2020.

(ECF No. 1). He asserted the following grounds for relief:

> **Ground One**: Allegation contained in the petition's motion and affidavit are true, he is entitled to have his sentence vacated. A guilty plea, if induced by promise or threats which deprive it of the character of a voluntary act. Is. Void. This in violation of Mr. Miller's Fifth and Fourteenth Amendments, United States Constitution, Section 16, Article One, Ohio Constitutional rights at due [process] at law and his Sixth Amendments, United States [Constitution], Section 10, Article One, Ohio Constitutional right to effective assistance of counsel.
>
> **Supporting Facts**: I was in Geauga County jail for ten months and for ten month[s] my counsel refused to file any pretrial motions to challenge the State[']s case. He threaten[ed] me with my wife/co-defendant testifying against me at every pre-trial hearing, to promising me that I would get 8 to 10 years to plead guilty. I [entered] a plea of guilty under extreme duress.
>
> **Ground Two**: The Geauga County Common Pleas Court failed to advise Mr. Miller of all the maximum penalties during the Crim. R. 11 phase of his plea hearing, not allowing Mr. Miller to enter into a knowingly, voluntarily, and intelligently plea of guilty. This violated Mr. Miller's Fifth and Fourteenth Amendments, United States Constitution, Section 16, Article One, Ohio Constitutional right at due process of law.
>
> **Supporting Facts**: Trial court violated Crim. R. 11 during the plea colloquy by not addressing me personally and advising me of all my Maximum penalties when entering a plea of guilty.
>
> **Ground Three**: Miller's Sixth Amendment, United States Constitution, Section 16, Article One, Ohio Constitutional rights to effective assistance of counsel has been violated when his trial counsel's performance fell way below standard, and for failing to challenge the State's case.
>
> **Supporting Facts**: Trial counsel did not file any pretrial motions, waived my speedy trial rights without consent and never prepared for trial. Failed to file motions to suppress evidence. Failed to investigate a defense. Filed a plea agreement without my signature

11

on it. Failed to object to courts mis-statments (sic) during plea hearing and sentencing hearing.

(ECF No. 1, PageID #: 5–11).[5]

## IV.   Legal Standards

### a.   Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609–10 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1064 (2021). There is no dispute that Petitioner timely filed his federal habeas corpus petition within the 28 U.S.C. § 2244(d) one-year statute of limitations.

### b.   Jurisdiction

§ 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." § 2241(d). The Court of Common Pleas of Geauga County sentenced Petitioner, and Geauga County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Petitioner's § 2254 petition.

### c.   Cognizable Federal Claim

Under § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's

---

[5] Petitioner attempted to add a fourth habeas ground on November 5, 2020. (*See* ECF No. 5). However, the Court rejected his argument and dismissed the proposed ground. (ECF No. 20).

claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review a state court's decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

### d. Exhaustion

"A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for relief." *Gordon v. Bradshaw*, No. 104 CV 2299, 2007 WL 496367, at *12 (N.D. Ohio Feb. 12, 2007) (citing § 2254(b) and (c)). "A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state supreme court has had a full and fair opportunity to rule on the claims." *Id.* (citing *Dickerson v. Mitchell*, 336 F. Supp. 2d 770, 786 (N.D. Ohio 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994))). "If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot review the merits of the claim." *Id.* (citing *Rust*, 17 F.3d at 160). "When a petitioner has failed to exhaust his state

remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

### e. Procedural Default

Procedural default occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id.* at 732–33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at

848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . . it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert its legal *and* factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)).

A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective

15

factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) ("The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

### f. AEDPA Standard of Review

§ 2254, as amended by the AEDPA, provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.*

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting § 2254(d)(2)). A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). The prisoner bears the burden of

rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id*. at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## V. Discussion

### a. Ground One and Three – Procedurally Defaulted

In Grounds One and Three, Petitioner raises seven instances of ineffective assistance of trial counsel. (ECF No. 1, PageID #: 5–10). He alleges his trial counsel made the following errors:

    1. Failed to file pre-trial motions, including motions to suppress evidence

    2. Threatened that Petitioner's wife would testify against Petitioner if he did not plead guilty (extreme duress)

    3. Promised Petitioner a sentence of eight to ten years if he pleaded guilty

    4. Waived speedy trial rights without consent

    5. Failed to investigate a defense and prepare for trial

    6. Filed plea agreement without Petitioner's signature

> 7. Failing to object to the trial court's misstatements during the plea
> and sentencing hearings

(ECF No. 1, PageID #: 5, 10). Respondent argues that Petitioner waived the ability to raise some of the subclaims by pleading guilty and that the rest of the claims are procedurally defaulted or meritless. (ECF No. 14-1, PageID #: 86–100).

Regardless of whether such issues can be raised after a guilty plea, the Court finds that Petitioner failed to properly raise and exhaust each of the above subclaims in state court. To properly raise an issue, it must be the same theory under the same general facts. *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("This circuit has held that the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."); *see also Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987) ("The doctrine of exhaustion requires that the same claim under the same theory be presented to state courts before raising it in a habeas petition.").

While Petitioner raised ineffective assistance of counsel as a claim in almost every appeal he filed, the underlying facts and theories of each claim changed throughout his direct appeal, collateral challenge, and habeas petition. His direct appeal to the Court of Appeals included an assignment of error addressing ineffective assistance of counsel, alleging three deficiencies: (1) failure to file pretrial motions, (2) threatening Petitioner with wife's testimony to plead guilty, and (3) failure to address the trial court's misstatement regarding post-release control. (*See* ECF No. 14-1, PageID #: 200–07). However, upon appeal to the Supreme Court of Ohio, Petitioner alleged ineffective assistance of counsel for trial counsel's speedy trial waiver and failure to provide a

meaningful defense.[6] (*See* ECF No. 14-1, PageID #: 271–73). Thus, Petitioner failed to exhaust any of the five alleged deficiencies above on direct appeal because he did not raise any of them both in his appeal to the Court of Appeals *and* on his appeal to the Supreme Court of Ohio. *See Williams*, 460 F.3d at 806.

While he did raise two subclaims—threatening Petitioner to plead guilty and failure to investigate or prepare a defense—in his post-conviction petition, this was not the proper time to raise and exhaust such claims as he failed to raise the issues on direct appeal. *See State v. Reynolds*, 79 Ohio St. 3d 158, 161 (Ohio 1997) ("It is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal."); *State v. Adams*, No. 2003–T–0064, 2005 WL 238144, at *7 (Ohio Ct. App. Jan. 28, 2005) ("[A] defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal."). Petitioner therefore cannot demonstrate he exhausted these ineffective assistance of counsel subclaims as is required for AEDPA review. *See Gordon*, 2007 WL 496367 at *12. Since Petitioner can no longer pursue timely state court remedies to exhaust the allegations, these subclaims are procedurally defaulted. *See Williams*, 460 F.3d at 806.

Finally, Petitioner's last two subclaims, regarding trial counsel's alleged filing of the plea agreement without a signature and his failure to object to the trial court's statements, also fail. Petitioner never raised his trial counsel's alleged filing of an unsigned plea agreement at any stage

---

[6] The Court notes that Petitioner made a cursory reference to his trial counsel's alleged prediction he would only receive an eight- to ten-year sentence in the conclusion section of his brief. (*See* ECF No. 14-1, PageID #: 278). However, he did not raise this subclaim in his argument section explaining the assignment of error. Thus, it was not properly raised as an assignment of error.

of his direct appeal. Thus, he certainly did not exhaust his state court remedies.[7] Additionally, while Petitioner raised his trial counsel's failure to object in his direct appeal to the Court of Appeals, he did not raise it in his appeal to the Supreme Court and therefore failed to exhaust his state court remedies.[8] These claims therefore are also procedurally defaulted.

Notably, Petitioner has not demonstrated cause or prejudice that would excuse procedural default. *See Coleman*, 501 U.S. at 750. Neither has he alleged a possible miscarriage of justice if this Court does not review the claims on their merits. *See Williams*, 380 F.3d at 973. Thus, this Court recommends Ground One and Three be dismissed as they are procedurally defaulted.

### b. Ground Two – Procedurally Defaulted

In Ground Two, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when the state trial court "failed to advise [him] of all the maximum penalties during . . . his plea hearing . . . not allowing [him] to enter into a knowing[,] voluntary[y,] and intelligent[] plea of guilty." (ECF No. 1, PageID #: 9). Respondent argues this claim is procedurally defaulted since Petitioner failed to raise the issue on direct appeal and in his Rule 26(B) application to reopen his direct appeal. (ECF No. 14, PageID #: 100–01).

Respondent correctly notes that Petitioner failed to raise this issue on direct appeal or in his application to reopen. (*See generally* ECF No. 14-1, Exs. 17, 28). While he raised similar issues, they were not the same issue he raises in Ground Two.

---

[7] And his claim that his appellate counsel failed to raise such an issue on direct appeal—as he alleges in his petition for reopening—does not save his claim from procedural default as the Court of Appeals rejected the petition, and Petitioner never reopened his direct appeal.

[8] The Court notes that Petitioner filed an application to reopen stating that his appellate counsel failed to raise this issue. (ECF No. 14-1, PageID #: 316). To the extent Petitioner might argue that this is cause for failure to exhaust the issue, this fails since appellate counsel did raise the issue on direct appeal, and it was Petitioner, pro se, who failed to raise it before the Supreme Court of Ohio. (ECF No. 14-1, PageID #: 265).

For example, Petitioner alleged on direct appeal that the trial court "Failed to Include Mandatory Language Relating to Mr. Miller's PRC at Sentencing Whereby Voiding the Sentence." (ECF No. 14-1, PageID #: 207). When the Court of Appeals rejected this claim, Petitioner appealed the issue to the Supreme Court with the following proposition of law: "The trial court failed to advise Miller of mandatory and discretionary P.R.C. as well as the full consequences of violating P.R.C. during his plea colloquy and during his sentencing colloquy." (ECF No. 14-1, PageID #: 268). He raised a similar assignment of error in his application to reopen, which addressed his appellate counsel's failure to raise the trial court's "failure to address Defendant personally" to determine a guilty plea. (*See* ECF No. 14-1, PageID #: 317).

While these claims resemble Ground Two, they are not the same. Instead, they merely attack the trial court's discussion of the *post-release control penalties* rather than "*all the maximum penalties*" Petitioner refers to in Ground Two. (*See* ECF No. 1, PageID #: 9) (emphasis added). As Petitioner's claims have operated under different theories throughout his direct appeal, collateral challenge, and habeas petition, he never properly raised or exhausted Ground Two in state court. *See Wong*, 142 F.3d at 322; *see also Pillette*, 824 F.2d at 497. Likewise, the deadline for a timely appeal has passed. Accordingly, Ground Two is procedurally defaulted.

Petitioner has not demonstrated any excuses for the procedural default. He fails to demonstrate cause for or prejudice from his failure to raise this claim earlier.[9] *See Coleman*, 501 U.S. at 750. He has further failed to establish any miscarriage of justice if the claim is procedurally

---

[9] The Court notes that Petitioner attempts to address prejudice in his reply brief. (ECF No. 17, PageID #: 723). However, even if the Court credited this argument, Petitioner has still failed to demonstrate cause, and both are necessary to review a procedurally defaulted claim on the merits.

defaulted. *See Williams*, 380 F.3d at 973. Accordingly, this Court recommends Ground Two be dismissed since it is procedurally defaulted.

## VI.    Certificate of Appealability

### a.   Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### b.   Analysis

Petitioner's grounds for relief are procedurally defaulted. If the Court accepts the foregoing recommendation, then Petitioner has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VII.    Recommendation

Petitioner has presented only procedurally defaulted claims. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

Dated: June 30, 2023

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).